UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BLANCA M. LEON, | 3:12-cv-00079-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | Re: Docs. # 16, # 17, # 18 |
| WASHOE COUNTY DEPARTMENT OF SENIOR SERVICES, et. al. | |
| Defendants. | |

Before the court are three motions filed by plaintiff Blanca M. Leon: (1) Request for a Hearing (Doc. # 16)[1]; (2) Request for an Extension (Doc. # 17); and (3) Request for an Appeal (Doc. # 18).

Plaintiff initially filed her application for leave to proceed in forma pauperis and proposed complaint on February 9, 2012. (Docs. # 1, #1-2.) The court denied her application to proceed in forma pauperis without prejudice and directed her to pay the filing fee or submit a renewed application demonstrating her inability to pay the filing fee. (Doc. # 4.) Plaintiff subsequently paid the filing fee. (Doc. # 7.) The complaint was not filed until April 18, 2014. (Doc. # 10.) Summonses were then issued to Plaintiff to serve on the defendants. (Doc. # 11.)

On May 30, 2014, Plaintiff filed a motion for appointment of counsel. (Doc. # 13.) The court advised Plaintiff that in civil actions, generally a person has no right to appointed counsel unless extraordinary circumstances are present and that person is proceeding in forma pauperis. (Doc. # 14.) Plaintiff's motion was denied because she was not proceeding in forma pauperis (and in any event she did not set forth extraordinary circumstances that would justify the appointment of counsel if she were proceeding in forma pauperis). (*Id.*)

On September 4, 2014, a notice of intent to dismiss under Federal Rule of Civil

---

[1] Refers to court's docket number.

1  Procedure 4(m) was issued as a result of Plaintiff's failure to serve the defendants within 120
2  days of filing her complaint. (Doc. # 15.) The court advised Plaintiff that her action would be
3  dismissed without prejudice unless Plaintiff filed a proof of service of the complaint on the
4  defendants or made a showing of good cause as to why these defendants had not yet been served.
5  (*Id.*).

6  Plaintiff then filed the instant three motions, which the court will address now in turn.

7  **(1) Doc. # 16**

8  In Doc. # 16, Plaintiff asserts that she her request for appointed counsel has been denied
9  and she has been unable to obtain a lawyer to represent her in this action. She also states that she
10 lost her full time job, and asks that the court schedule a hearing to assign an attorney to represent
11 her.

12 As the court previously advised Plaintiff (Doc. # 14), there is no basis for appointing an
13 attorney to a civil litigant who is not proceeding in forma pauperis, and even then the in forma
14 pauperis litigant must demonstrate extraordinary circumstances. As such, Plaintiff's motion for a
15 hearing to appoint an attorney (Doc. # 16) is **DENIED**.

16 **(2) Doc. # 17**

17 Plaintiff indicates that she received the court's notice of intent to dismiss the action
18 pursuant to Federal Rule of Civil Procedure 4(m); however, she asks for an extension of time "to
19 receive a response to [her] appeal and [her] request for a hearing." (Doc. # 17.) She goes on to
20 state that she has not been able to obtain a lawyer and the court has refused to appoint one for
21 her, and that she is appealing this decision. (*Id.*) As such, she seeks an "indefinite extension,"
22 presumably to effectuate service of the complaint, until she can obtain an attorney. (*Id.*)

23 A review of the docket indicates that Plaintiff has not "appealed" the decision for
24 appointment of counsel, but has sought reconsideration of the order denying that request. (*See*
25 Doc. # 18.) The court will not afford Plaintiff an indefinite extension of time to effectuate service
26 in this action so that she can continue her efforts to obtain a lawyer. As the court has explained,
27 and will explain again below, there is no basis for a court-appointed attorney in this case. The
28 court will, however, grant Plaintiff an extension of an additional **FORTY-FIVE DAYS from**

1    **the date of this Order to effectuate service of the complaint on all defendants.** Plaintiff is
2    cautioned that if she fails to file a proof of service of the summons and complaint as to all
3    defendants on or before that deadline, her case may be dismissed without prejudice pursuant to
4    Federal Rule of Civil Procedure 4(m). As such, her motion (Doc. # 17) is **GRANTED IN**
5    **PART**.

6    **(3) Doc. # 18**

7    In this document, Plaintiff states that she has not been able to find legal representation,
8    and the court has denied her request for an appointed attorney. (Doc. # 18.) She asks that the
9    court reconsider her "appeal" and assign an attorney to represent her. (*Id.*)

10   The court construes this motion as one for reconsideration of its earlier order denying
11   Plaintiff's request for the appointment of counsel. (Doc. # 14.) The Federal Rules of Civil
12   Procedure do not contain a provision governing the review of interlocutory orders. "As long as a
13   district court has jurisdiction over the case, then it possesses the inherent procedural power to
14   reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of*
15   *Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)
16   (internal quotation marks and citation omitted) (emphasis omitted). This inherent power is
17   grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.*
18   at 887. While other districts in the Ninth Circuit have adopted local rules governing
19   reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has
20   used the standard for a motion to alter or amend judgment when confronted with a motion to
21   reconsider an interlocutory order. *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF,
22   2010 WL 3636278, at * 1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*,
23   No. 3:08-cv-00353-RCJ-VPC, 2010 WL 1727841, at *1-2 (D. Nev. Apr. 27, 2010)).

24   Therefore, in this district, a motion for reconsideration should set forth: "(1) some valid
25   reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing
26   nature' in support of reversing the prior decision." *Rizzolo*, 2010 WL 3636278, at * 1 (citation
27   omitted). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with
28   newly discovered evidence, (2) committed clear error or the initial decision was manifestly

unjust, or (3) if there is an intervening change in controlling law." *Id*. (citation omitted).

Plaintiff has not set forth any basis for this court to reconsider its order denying her request for the appointment of counsel. Instead, she merely states that she has not been able to obtain a lawyer on her own. This is not grounds to appoint counsel to a civil litigant. Even if Plaintiff were proceeding in forma pauperis she would have to demonstrate extraordinary circumstances, including that she is likely to succeed on the merits and cannot adequately present her claims by herself, which she has not done.

As such, Plaintiff's motion for reconsideration (Doc. # 18) is **DENIED**.

**IT IS SO ORDERED**.

Dated: October 14, 2014.

_____
WILLIAM G. COBB
UNITED STATES DISTRICT COURT